# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ANGEL FERMIN DELGADO,**

        **Movant,**

        v.

**UNITED STATES OF AMERICA,**

        **Respondent.**

Civil No. 2:19–cv–254
Crim No. 2:17–cr–119
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Movant, a federal prisoner, has filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 40.) This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Court ("Rule 4(b)"), this Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the motion must be dismissed. *Id*. Rule 4(b) allows for the dismissal of motions that state "only bald legal conclusions with no supporting factual allegations." *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, it plainly appears that Movant is not entitled to relief because the Court lacks jurisdiction to entertain Movant's claim. Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**.

On October 3, 2017, Movant pleaded guilty, pursuant to a negotiated plea agreement, to one count of conspiracy to possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), and 846, and 18 U.S.C. §3553(f). (Doc. 26, 28, 37.) On January 25, 2018, the Court sentenced Movant to a term of imprisonment of 36 months to be followed by a two-year term of supervised release. (Doc. 35.) Movant was to receive jail-time credit from April 21, 2017. (Doc. 37.) Movant did not file a direct appeal. Movant is incarcerated at Moshannon Valley Correctional Center, in Phillipsburg, Pennsylvania. (Doc. 39, at PAGE ID # 88.)

On January 20, 2019, Movant executed his motion to vacate under §2255 and placed it in the prison mailing system. (Doc. 40, at PAGE ID ## 91–92.) Although the motion is not entirely clear, Movant appears to claim that his sentence has not been calculated correctly. Movant states that "the cause of this matter it's about the sentencing term" and that he is "claiming" credit for 24 days that he served. (Doc. 40, at PAGE ID # 89.) Movant asks the Court to "allow him to get all the time he has spent in jail." (*Id*.) Movant additionally states that he was arrested on April 21, 2017, and appears to contend that he will not get "full credit for all the time [he] spent in jail" unless his sentence term is construed to have commenced on that date. (*Id*., at PAGE ID # 90.)

To the extent Movant claims that his sentence has been miscalculated, this Court lacks jurisdiction to entertain that claim. "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons ("BOP") ], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The scope of the BOP's general responsibility includes the duty to compute jail–time credit pursuant to 18 U.S.C. § 3585(b). *See id.* A federal prisoner seeking to challenge the BOP's credit computation must first seek administrative review through the BOP's review processes before seeking judicial relief pursuant

to 28 U.S.C. § 2241. *Id. See also United States v. Westmoreland*, 974 F.2d 736, 738 (6th Cir. 1992). Movant has not alleged that he has exhausted his available administrative remedies in connection with this claim. *See Wilson,* 503 U.S. at 333; *Westmoreland,* 974 F.2d at 737. Moreover, judicial review of such a claim is properly asserted— not under 28 U.S.C. § 2255 in the sentencing court— but under 28 U.S.C. § 2241 in a court vested with jurisdiction over the movant's custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). *See also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam). Movant is incarcerated in Phillipsburg, Pennsylvania, which is in a county served by the United States District Court for the Middle District of Pennsylvania.

Movant also states that "his attorney didn't fulfill her promise, she told, him that may we can win the case and get time served for you." (Doc. 40, at PAGE ID # 89.) It appears that Movant claims that his attorney told him that he would receive credit for time served but that he has not received that credit because his sentence has not been construed to have commenced on April 21, 2017. (*Id*. at PAGE ID # 89–90.) Accordingly, it appears that Movant complains about the miscalculation rather than his attorney's performance.

## RECOMMENDED DISPOSITION

For these reasons, the Magistrate Judge recommends that Movant's claim be construed as one brought under § 2241 and that it be **DISMISSED without prejudice** because this Court lacks jurisdiction to entertain such a claim.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation* ("R&R"), that party may, within fourteen days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to this R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: February 12, 2019　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE